**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1140**

———————

ALOK PANDEY; VIBHA PANDEY,

Petitioners,

versus

JOHN ASHCROFT, Attorney General for the United
States of America,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-340-245; A95-229-705; A95-229-706; A95-229-707)

———————

Submitted:  August 30, 2004          Decided:  September 13, 2004

———————

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Mark J. Shmueli, Washington, D.C., for Petitioners. Peter D.
Keisler, Assistant Attorney General, Donald E. Keener, Deputy
Director, Alison Marie Igoe, Senior Litigation Counsel, Washington,
D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Alok and Vibha Pandey, natives and citizens of India, petition for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's order denying their requests for asylum and withholding of removal and denying Mrs. Pandey's request for protection under the Convention Against Torture.

In their petition for review, the Pandeys challenge the Board and immigration judge's determination that they failed to establish their eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that the Pandeys fail to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that they seek.

Additionally, we uphold the immigration judge's denial of their requests for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Because the Pandeys fail to show that they

are eligible for asylum, they cannot meet the higher standard for withholding of removal.

We also find that Mrs. Pandey fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We find that Mrs. Pandey fails to make the requisite showing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED